**Charles D. POUNCEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19025.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1965.

Decided July 3, 1965.

Mr. Dickson R. Loos (appointed by this court), Washington, D. C., for appellant.

Mr. David W. Miller, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

###### JUDGMENT

THIS CAUSE came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

ON CONSIDERATION WHEREOF It is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause be, and it is hereby, affirmed.

J. SKELLY WRIGHT, Circuit Judge (dissenting):

This appeal is from a denial without hearing of a § 2255 motion which both sides agree states grounds entitling appellant to relief.[1] Though this is appellant's second § 2255 motion, it is not successive in the legal sense, as the Government on brief admits, since the earlier motion based on the same grounds did not result in a ruling on the merits. Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Abuse of remedy is, therefore, the only ground on which appellant can be denied the relief he seeks without a hearing on the merits. Id. at 17–19, 83 S.Ct. 1068.

In this case, the Government did plead abuse of remedy. The trial judge, however, has made no finding of fact showing an abuse of remedy, nor could such

---

1. Petitioner alleged that the plea of guilty on which his conviction was based was entered without counsel and without intelligent waiver of his right to counsel.

finding have been made on this record without a hearing.[2] Therefore, I would remand this case for a hearing and findings.[3] Compare United States v. Hayman, 342 U.S. 205, 77 S.Ct. 263, 96 L.Ed. 232 (1952).

I respectfully dissent.

2. The Government bears the burden of pleading and proving abuse of remedy. Sanders v. United States, *supra*, 373 U.S. at 10–11, 83 S.Ct. 1068. See Note, 77 HARV.L.REV. 79, 148 (1963).

3. Another panel of this court has remanded another case against Pouncey to the District Court for a hearing on mental competence. Pouncey v. United States, 121 U.S.App.D.C. ——, 349 F.2d 699 (No. 18,565, decided June 30, 1965). The evidence developed in that hearing would be useful in determining whether Pouncey has abused his § 2255 remedy here.